## Hurst Estate

*Wisler, Pearlstine, Talone & Gerber*, for petitioner.

TAXIS, P. J., July 19, 1956.—This is a guardian's petition to sell, at private sale, real estate of its ward pursuant to section 443 of the Incompetents' Estates' Act of 1955, Act of February 28, 1956, P. L. (1955-56) 1154. The petition raises the question as to the type of notice to be given. It is believed that a short memorandum opinion reflecting the court's views will be helpful.

Initially it is required that the court find the sale to be "for the best interests of the incompetent". The guardian's petition must therefore set out sufficient facts to enable the court to form an opinion as to the best interests of the ward. Section 443 provides for such notice as may be "directed by the court". Some-

what similar language is found in section 1063 of the Fiduciaries Act of April 18, 1949, P. L. 512, 20 PS §320.1063, as amended, pertaining to a guardian's sale of real estate of a minor.

In the present petition, paragraph three avers that: "The names and addresses of any next-of-kin of Annie E. Hurst, and information as to notice given them of the presentation of the within petition are as follows: (a) None known to your petitioner, and therefore no notice given."

The rule may be stated thus: Where, in a petition for private sale of real estate pursuant to section 443 of the Incompetents' Estates' Act of 1955 or section 1063 of the Fiduciaries Act of 1949, all proper parties are before the court either as petitioners or by joinder or by having been previously notified of the intended presentation of the petition, at least 10 days before the filing thereof, no notice of the private sale, by publication or otherwise, will be required unless unusual circumstances exist.

Such an unusual circumstance exists, however, where, as here, there is an averment that there are no known heirs or next of kin. In such circumstances notice by publication once a week for three successive weeks in the Montgomery County Law Reporter and one other newspaper of general circulation in Montgomery County will normally be directed, together with posting a notice on the premises and three additional notices in the immediate vicinity of the premises to be sold.

Pursuant to the foregoing rules the following preliminary decree is entered.

And now, July 19, 1956, upon consideration of the within petition and a motion of Wisler, Pearlstine, Talone and Gerber, Esquires, attorneys for petitioner, it is ordered and decreed that August 17, 1956, at 10 a.m., in the orphans' court, court house, Nor-

ristown, be set as the time and place of hearing of the same and for consideration of the approval or confirmation of the sale.

Notice of the same shall be given by advertising once a week for three successive weeks in the Montgomery County Law Reporter and in one other newspaper of general circulation in Montgomery County and by posting a notice on the premises and three additional notices in the immediate vicinity of the premises to be sold. Proofs of publication to be submitted at the time for approval or confirmation of the sale.